EAG:DMP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**12 M 491**

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

ALEJANDRO WICKHAM,

        Defendant.

- - - - - - - - - - - - - - - - -X

C O M P L A I N T

(21 U.S.C. §§ 952(a) and 960)

EASTERN DISTRICT OF NEW YORK, SS:

      VINCENT P. MARINO, being duly sworn, deposes and states that he is a Special Agent with United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

      Upon information and belief, on or about May 20, 2012, within the Eastern District of New York and elsewhere, defendant ALEJANDRO WICKHAM did knowingly, intentionally and unlawfully import into the United States from a place outside thereof a substance containing cocaine, a Schedule II controlled substance.

      (Title 21, United States Code, Sections 952(a) and 960).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On May 20, 2012, the defendant ALEJANDRO WICKHAM arrived at John F. Kennedy International Airport ("JFK") in Queens, New York, aboard Caribbean Airlines Flight No. 524 from Georgetown, Guyana, via Port-of-Spain, Trinidad & Tobago.

2. The defendant ALEJANDRO WICKHAM was selected by Customs and Border Protection ("CBP") officers for a customs inspection. The defendant presented a blue "Protégé" suitcase for inspection. He stated that the suitcase and its contents were his.

3. A CBP officer examined the blue "Protégé" suitcase and found a container of food with a green lid that appeared to be unusually heavy. The defendant ALEJANDRO WICKHAM stated that his aunt had given him the container of food. The container of food was probed and found to contain a white powdery substance. The white powdery substance was field-tested and was positive for the presence of cocaine.

4. Further inspection of the blue "Protégé" suitcase revealed a second container of food with an orange lid, a can of food labeled "Ole Goiabada," and a can of food labeled "Ole Marron Glace." Each of these items also appeared to be unusually

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

heavy. Each of these items was probed and found to contain a white powdery substance. The white powdery substances from each of these items were field-tested and each was positive for the presence of cocaine.

5. The approximate total gross weight of the cocaine found in the defendant ALEJANDRO WICKHAM's suitcase was 5333.2 grams, consisting of approximately 2030.7 grams in the food container with the green lid, approximately 2058.2 grams in the food container with the orange lid, approximately 627.1 grams in the can of food labeled "Ole Goiabada," and approximately 617.2 grams in the can of food labeled "Ole Marron Glace."

6. After receiving and waiving his Miranda rights, the defendant ALEJANDRO WICKHAM admitted that he knew that he was

3

transporting illegal narcotics. He said that he was to be paid $7,000 for bringing the drugs into the United States.

WHEREFORE, your deponent respectfully requests that the defendant ALEJANDRO WICKHAM be dealt with according to law.

VINCENT P. MARINO
Special Agent
Homeland Security Investigations

Sworn to before me this
21st day of May, 2012

HONORABLE JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK